IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA THORSEN,<br>Plaintiff, | § § § § | |
| V | § § | Civil Action No. _____ |
| WDJ JANS CORPORATION,<br>Defendants. | § § § | |

## **PLAINTIFF'S COMPLAINT**

Plaintiff JOSHUA THORSEN files this lawsuit against WDJ JANS CORPORATION and would show the Court and Jury the following in support thereof:

1. On May 28, 2020, Plaintiff Thorsen received a Husqvarna ts354xd (54) 24hp Kawasaki garden tractor that he ordered online from Defendant through Amazon. As he was assembling the mower as directed, acid from the battery shot in his left and right eye causing severe pain and injuries to his eyes. The product was clearly defective as acid was leaking from the product and was a danger to anyone who came into contact with it.

## **I. PARTIES**

2. Plaintiff, JOSHUA THORSEN is a citizen of Texas.

3. Defendant, Jans WDJ Corporation, is an Iowa Company. It can be served by serving process upon corporate officer and registered agent Wyatt M. Jans at 10095 Hickman Court, Unit 1, Clive Iowa 50325. Preparation of citation and process of service is requested.

## **II. JURISDICTION AND VENUE**

4. This case is brought pursuant to 28 U.S.C. § 1332(a) in that there is total diversity of the parties. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Bastrop, Texas, which is within the Western District of Texas.

### III. FACTS

6. On May 28, 2020, Plaintiff Thorsen received a Husqvarna ts354xd (54) 24hp Kawasaki garden tractor that he ordered online from Defendant through Amazon. As he was assembling the mower as directed, acid from the battery shot in his left and right eye causing severe pain and injuries to his eyes.

7. The product was clearly defective as acid was leaking from the product and was a danger to anyone who came into contact with it.

### IV. NEGLIGENCE

8. Defendant had a duty to make sure the product in questions was not a danger to plaintiff, defendant breached that duty.

### V. FRAUD

9. Defendant promised plaintiff that it would deliver the product in good working order. Plaintiff relied on those assertions in his decision to do business with defendant.

10. Plaintiff relied on the representations to his damage as Defendant did not keep its promised but rather gave plaintiff a dangerous product which led to acid in his eye.

### VI. BREACH OF CONTRACT

11. Defendant and Plaintiff had a contract whereby plaintiff paid the agreed upon price and in return Defendant was supposed to deliver a certain product. Defendant breached this duty to the damage of the plaintiff. All conditions precedent has been performed.

## VII. DAMAGES

12.  As a result of the occurrence made the basis of this cause of action, Plaintiff was caused to suffer injuries to his eye. Some of such injuries are, in reasonable probability, permanent in nature.

13.  Plaintiff has been physically impaired in the past, and will, in reasonable probability, be physically impaired in the future.

14.  Plaintiff was caused to incur reasonable and necessary medical treatment and expenses in the past, and will, in reasonable probability, continue to incur such expenses in the future.

15.  Plaintiff suffered physical pain and mental anguish in the past, and will, in reasonable probability, continue to suffer physical pain and mental anguish in the future.

16.  Based upon the injuries and damages sustained by Plaintiff, as well as his knowledge of the continuing effect of those injuries to date, Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED Plaintiff requests that the Defendant be cited to appear and answer herein, and that upon final hearing hereon, Plaintiffs have and recover:

   a. Judgment against Defendant for all damages in an amount in excess of the minimum jurisdictional limits of the Court;
   b. Prejudgment and post-judgment interest at the legal rate;
   c. Costs of suit;
   d. Attorney's fees;
   e. Any and all other relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

DUNAWAY LAW FIRM, P.C.
1411 West Avenue, Suite 100
Austin, Texas 78701
(512) 469-7941
FAX (512) 479-9510
atty@austinfairlaw.com

_____
Aspen J. Dunaway
State bar No. 24034425
Board Certified, Personal Injury Trial Law
Texas Board of Legal Specialization
Attorney for Plaintiff